IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORA IOANA MAGERAND, | |
| Plaintiff, | Case No.: 1:25-cv-11322 |
| v. | Judge Lindsay C. Jenkins |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Daniel P. McLaughlin |
| Defendants. | |

### AMENDED COMPLAINT

Plaintiff, THEODORA IOANA MAGERAND ("Magerand" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "The Inspired Collection" identified on Amended Schedule A attached hereto ("Defendant"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant alias and/or the online marketplace account identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in

---

[1] Attached hereto as **Exhibit 2** is a redline copy of this Amended Complaint.

1

which it would be subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## INTRODUCTION

3. Plaintiff, Theodora Ioana Magerand, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustration. Magerand is a book cover illustrator and concept artist who loves to create artwork with sci-fi, fantasy, horror, and Norse mythology elements.

4. Plaintiff is the owner of United States Copyright Registration No. VA 2-421-009 (the "Theodora Magerand Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district..

6. Plaintiff is forced to file this action to combat Defendant's piracy of the Theodora Magerand Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality, and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7. Plaintiff, Theodora Magerand, is the owner of the Copyright Registration that protect the creative content of the Theodora Magerand Work. Magerand is a book cover illustrator and concept artist who loves to create artwork with sci-fi, fantasy, horror, and Norse mythology elements. Plaintiff creates art under the name ikaruna. Magerand has always loved art. Her artistic journey has taken her from years of drawing with pen and charcoal as a child towards a more digital world of using graphics tablets and computer programs. Her background in geology and paleontology and years of drawing fossils and dinosaurs during college gave her a thorough understanding of animal anatomy and how living things function and move. This allows her to successfully imagine and draw imaginary creatures with realistic features. Having read hundreds of fantasy and sci-fi books, Magerand can easily imagine what needs to be done for a cover and will often receive high praises for her work. Information about the Theodora Magerand Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-421-009 | September 17, 2024 | Yggdrasil Norse World Tree | (illustration) |

8. Magerand has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Theodora Magerand Work. As a result,

products associated with the Theodora Magerand Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Magerand (the "Theodora Magerand Products").



https://displate.com/artist/ikaruna

9. Plaintiff is the owner of the United States Copyright Registration that covers the Theodora Magerand Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**.

10. In an effort to illegally profit from the creative content of the Theodora Magerand Work, Defendant has created the Defendant Internet Store and designed it to appear to be selling authorized Theodora Magerand Products. Upon information and belief, Defendant facilitate sales by designing the Defendant Internet Store so that it appear to unknowing consumers to be authorized online retailer, outlet store, or wholesaler selling genuine Theodora Magerand Products.

11. Magerand has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Theodora Magerand Work.

12. The success of the Theodora Magerand Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Theodora Magerand Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Theodora Magerand Work and associate it exclusively with Magerand.

14. Magerand has made efforts to protect Plaintiff's interests in and to the Theodora Magerand Work. No one other than Magerand and her licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Theodora Magerand Work without the express written permission of Plaintiff.

**THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT**

15. Defendant is an individual and/or business entity who, upon information and belief, reside in the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the online marketplaces operating under the Defendant Internet Store. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Theodora Magerand Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

5

17. The Theodora Magerand Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Theodora Magerand Work, including derivative works. The Theodora Magerand Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Theodora Magerand Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Theodora Magerand Work or are derived from the Theodora Magerand Work:

| **Plaintiff's Theodora Magerand Work** | **Defendant's Infringing Product** |
|---|---|
| (image of artwork) | (image of artwork on metal sign) |

21. Defendant, without the permission or consent of Plaintiff, has and continues to sell online pirated derivative works of the copyrighted Theodora Magerand Work. The Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. The Defendant's actions

6

constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

23. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Theodora Magerand Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Theodora Magerand Product or is not authorized by Plaintiff to be sold in connection with the Theodora Magerand Work;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Theodora Magerand Work;

7

    c. further infringing the Theodora Magerand Work and damaging Plaintiff's goodwill;

    d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Theodora Magerand Work, and which are derived from Plaintiff's copyright in the Theodora Magerand Work; and

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Theodora Magerand Work;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: September 26, 2025    Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
15275 Collier Boulevard, Ste. 201-2061
Naples, Florida 34119-6750
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

9